UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 15-74 (DWF)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | POSITION OF THE UNITED STATES |
| ) | REGARDING SENTENCING |
| ERIK NEAL OKESON, ) | |
| ) | |
| Defendant. ) | |

The United States of America respectfully submits the following position regarding sentencing.

In this case, the defendant has admitted to unlawfully failing to pay over to the Internal Revenue Service nearly $90,000 in payroll taxes withheld from his employees. This crime, and the same crime committed by many other business owners, pose a serious burden to the fair and accurate collection of taxes and hurt all honest taxpayers. A sentence that includes some imprisonment is warranted.

Notably, however, Mr. Okeson from very early on indicated his desire to plead guilty. There was never a need to engage in significant plea negotiations, as he relatively promptly accepted the loss figures and plea agreement terms. He also will be required to repay the amounts improperly withheld. Prior to any variance or departure, the Sentencing Guidelines would suggest a sentence between 12 and 18 months or, if the Court applies the new Guidelines, 10 to 16 months. The government recommends a sentence of 10 months, with half of the time served in home confinement. U.S.S.G. § 5C1.1(d)(2).

Such a sentence is authorized by and appropriate under the Sentencing Guidelines. Further, the 18 U.S.C. § 3553(a) factors and the circumstance of this case support leniency. The defendant does not have a serious criminal record and, with respect to a crime that arose from the same circumstances that generated the tax offense, he has been convicted and sentenced in state court. He has shown remorse and a desire to repay the sums, and it appears his crimes were aberrational. These facts suggest a less pernicious intent than other defendants. Thus the sentencing factors enumerated in 18 U.S.C. § 3553(a), as well as all the circumstances before the Court, would justify a sentence that results in a short term of actual imprisonment.

The government respectfully requests that the defendant be sentenced to a two year term of supervised release and that he be ordered to pay $89,460.74 in restitution to the Internal Revenue Service as a special condition of supervised release. 18 U.S.C. § 3583(d). The defendant has the ability to repay the sum in this period of time and the Court should give him the incentive to do so and thereby demonstrate that the Court is correct to show him leniency in the overall punishment imposed.

Dated: November 23, 2015

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

*s/Robert M. Lewis*

ROBERT M. LEWIS
Assistant U.S. Attorney
Attorney ID No. 0249488